IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LUKAS GOODYEAR, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

DELTA AIR LINES, INC.,

Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-5712-TWT

## OPINION AND ORDER

This is a putative breach of contract class action. It is before the Court on the Defendant Delta Air Lines, Inc.'s Motion to Dismiss [Doc. 20]. For the following reasons, Delta's Motion to Dismiss [Doc. 20] is DENIED.

### I.   Background[1]

This case arises from the Plaintiff Lukas Goodyear's employment with the Defendant Delta Air Lines, Inc. (Compl. ¶ 40). Goodyear alleges that he was improperly denied overtime pay for working an additional shift because he also happened to swap a shift with a colleague, Mr. Patrick Slaughter, during the same pay period. (*Id.* ¶¶ 41–49). Such a denial, Goodyear contends, constitutes a breach of Delta's compensation obligations as set forth in document entitled "Hours of Work, Overtime and Shift Differential (Ground, Noncontract Employees)"—referred to

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

hereinafter as the "Overtime Policy." (*Id.* ¶¶ 12, 50–51; Doc. 1-1). Goodyear filed the present action on December 12, 2023, asserting claims of breach of contract and unjust enrichment on behalf of himself and other similarly situated Delta employees. Delta now moves to dismiss the claims against it for failure to state a claim.

## II.     Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citing *Twombly*, 550 U.S. at 555).

### III. Discussion

Delta moves to dismiss Goodyear's breach of contract and unjust enrichment claims, arguing (1) that he fails to plead the existence of a contract, (2) that the Overtime Policy prohibits overtime pay in the context of shift swaps, (3) that Goodyear does not plead he was entitled to overtime pay, and (4) that Delta received no benefit from Goodyear that would support the unjust enrichment claim. (Br. in Supp. of Def.'s Mot. to Dismiss, at 1–2). Delta also contends that the class allegations fail because individual inquiries inevitably predominate over contract and unjust enrichment claims like the ones presented here. (*Id.* at 2). The Court addresses Delta's arguments and Goodyear's responses thereto in turn.

#### A. Existence of a Contract

Delta first argues that Goodyear's breach of contract claim should be dismissed because he fails to plead the existence of an enforceable contract under the Overtime Policy. (*Id.* at 5–10). But at the motion to dismiss stage, the Court concludes that the Overtime Policy plausibly supports Goodyear's breach of contract claim seeking overtime pay. *See Ellison v. DeKalb Cnty.*, 236 Ga. App. 185, 185–86 (1999) ("[P]rovisions in an employee manual relating to additional compensation plans, of which an employee is aware, may amount to a binding contract between the parties."); *see also Fulton-DeKalb Hosp. Auth. v. Metzger*, 203 Ga. App. 595, 595–97 (1992) (finding that an employee handbook detailing disability benefits supported a breach

3

of contract claim for an employee injured on the job).

The cases on which Delta relies in support of its position largely occurred at the summary judgment stage or later. *See, e.g., O'Connor v. Fulton Cnty.*, 302 Ga. 70, 71 (2017); *Johnson v. Fulton Cnty.*, 235 Ga. App. 277, 277 (1998). Thus, although the Georgia Court of Appeals in *Johnson* ultimately found that an employee handbook that acquainted employees with their job did not give rise to a cause of action for breach, the Court cannot conclude that that case governs this motion to dismiss. *Johnson*, 235 Ga. App. at 277–79. Moreover, the county personnel regulation that was at issue in *O'Connor* is distinguishable from the Overtime Policy detailing overtime compensation in the present case because the plaintiff there contended the regulation gave him a contractual right to return to his former position after being terminated, but the Georgia Supreme Court held that the regulation governed the administration of certain temporary appointments and therefore did not amount to a promise of future compensation that could form the basis of an employment contract. *O'Connor*, 302 Ga. at 70–73. The employee manual provision in *Ellison* is also distinguishable from the Overtime Policy here because the provision in *Ellison* dealt with promotion eligibility rather than employee compensation. *Ellison*, 236 Ga. App. at 185–86 (citing cases where employee manual provisions governing disability benefits, vacation pay, and severance pay gave rise to a breach of contract action). Accordingly, Goodyear's breach of contract claim should not be dismissed on this asserted ground.[2]

---

[2] Goodyear's alleged failure to plead that the Overtime Policy was in effect at

### B. Prohibition of Overtime Pay for Swaps

Delta next argues that Goodyear's breach of contract claim fails because the Overtime Policy expressly excludes swapped time from consideration for overtime pay. (Br. in Supp. of Def.'s Mot. to Dismiss, at 10–11). The Overtime Policy provides that "[s]waps do not count towards OT threshold so swapping should never put an employee into an overtime eligible situation." (Doc. 1-1, at 5).[3] Goodyear argues that his claim for breach is consistent with the Overtime Policy's language because his swap with Mr. Slaughter was not what made him overtime eligible for the period in question—rather, his working an additional shift on October 21, 2022, made him overtime eligible. (Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 11–12).

The Court again agrees with Goodyear that dismissal on this asserted ground is improper. Taking the Complaint's allegations as true and construing them in the light most favorable to Goodyear, Goodyear has pleaded a plausible claim for breach.

---

the beginning of his employment does not preclude his claim here. (Br. in Supp. of Def.'s Mot. to Dismiss, at 7). Delta cites no authority establishing that Goodyear's failure to plead that the Overtime Policy was in effect at the beginning of his employment warrants dismissal of his claim for breach. (*See id.* at 7 (citing *Arby's, Inc. v. Cooper*, 265 Ga. 240, 241 (1995))). In addition, that overtime eligibility was subject to supervisor authorization under the Overtime Policy does not bar Goodyear's claim for breach, as Delta advocates. (Br. in Supp. of Def.'s Mot. to Dismiss, at 8–10). The authority Delta cites in support arises at the summary judgment stage in the context of an oral promise to pay an employee bonus, which is plainly inapplicable here. (*Id.* at 9 (citing *VanRan Commc'ns Servs., Inc. v. Vanderford*, 313 Ga. App. 497, 498–99 (2012)).

[3] Because the Overtime Policy is attached as an exhibit to the Complaint, the Court may properly consider the Policy's contents. *See Kinsey v. MLH Fin. Servs., Inc.*, 509 F. App'x 852, 853 (11th Cir. 2013)

(*See* Compl. ¶¶ 41–51). The Overtime Policy's express terms on swaps does not preclude Goodyear's claim because the alleged swap with Slaughter is not what put him into an overtime eligible situation. And the Overtime Policy provides for overtime pay for full-time employees working irregular schedules (such as Goodyear) for the time they worked "on scheduled days off, provided the scheduled days have been worked during the preceding work period." (Doc. 1-1, at 13). The Court does not read such language as necessarily precluding Goodyear's position here. During the period in question, Goodyear pleads that he worked on a scheduled day off (October 21, 2022) and that all of his scheduled days had been worked during the pay period (October 15 through October 28, 2022). (Compl. ¶¶ 47–49). As Goodyear points out, the Overtime Policy does not require him to have worked all of the scheduled days *himself* to qualify for overtime; rather, it requires that all of the "scheduled days have been worked during the preceding work period." (Doc. 1-1, at 13). Therefore, because Goodyear pleads that "all his scheduled shifts and scheduled days had been worked" for the pay period in question, (Compl. ¶ 49), his claim for breach survives plausible scrutiny at the motion to dismiss stage.[4]

---

[4] Likewise, Goodyear's alleged failure to plead that he sought or received authorization for the overtime pay does not preclude his claim here. (Br. in Supp. of Def.'s Mot. to Dismiss, at 14–15). Delta again relies on authority occurring at the summary judgment stage in support of its contention that an employee–plaintiff bears the burden of showing fulfillment of a prerequisite to a contractual payment obligation, but such a burden is inapplicable at the motion to dismiss stage. (*Id.* at 15 (citing *Jackson v. JHD Dental, LLC*, 2011 WL 2441920, at *7 (N.D. Ga. June 14, 2011))).

### C. Unjust Enrichment

Delta next contends that Goodyear's unjust enrichment claim should be dismissed because it did not induce him to confer a benefit, nor did he actually confer any benefit, on Delta. (Br. in Supp. of Def.'s Mot. to Dismiss, at 15–17). But the Court concludes that Goodyear has sufficiently pleaded his unjust enrichment claim in the alternative to his breach of contract claim. Were his breach of contract claim to ultimately fail, Goodyear has at least plausibly alleged that he conferred a benefit on Delta by working an additional shift for which he could have reasonably expected, but did not receive, overtime pay. Accordingly, dismissal of his unjust enrichment claim is improper.

### D. Class Allegations

Finally, Delta moves to dismiss Goodyear's class allegations as insufficient. (Br. in Supp. of Def.'s Mot. to Dismiss, at 17). Delta contends (1) that numerous individualized inquiries will predominate over common ones in proving the class members' claims, (2) that the applicability of multiple states' laws destroys commonality, and (3) that unjust enrichments claims are not suitable for class treatment. (*Id.* at 18–25). But as Delta acknowledges, the evaluation of class allegations is often deferred to the class certification stage. (*Id.* at 17); *see also Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("[T]he parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery

7

and/or an evidentiary hearing to determine whether a class may be certified." (citation omitted)). And tellingly, most of the authority on which Delta relies in support of its argument implicates class certification motions. *See, e.g., Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1191 (11th Cir. 2009); *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 721 (11th Cir. 1987). Here, the Court concludes that Goodyear has at least plausibly alleged that class treatment is appropriate as to his breach of contract claim or, in the alternative, his unjust enrichment claim. If Delta indeed compensates its employees in a manner that runs contrary to the Overtime Policy, depriving them of overtime pay to which they are entitled, such a compensation practice could plausibly constitute a breach of Delta's contractual obligations to its employees over which common issues of law and fact predominate. Accordingly, the Court declines to evaluate the sufficiency of the class allegations at the motion to dismiss stage and defers that evaluation to the class certification stage.

## IV.   Conclusion

For the reasons set forth above, the Defendant Delta Air Lines, Inc.'s Motion to Dismiss [Doc. 20] is DENIED.

SO ORDERED, this ___11th___ day of July, 2024.

*[signature]*
THOMAS W. THRASH, JR.
United States District Judge

8